**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAUL CHAVEZ, | 1:99-cr-05060-AWI-3 |
| Petitioner, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| UNITED STATES OF AMERICA, | (Doc. 430) |
| Respondent. | |
| _____/ | |

    Raul Chavez ("Petitioner") filed a document entitled "RAUL CHAVEZ' RESPONSE TO THE GOVERNMENT'S OPPOSITION TO MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. §3582(c)(2)." Because this Court issued an order denying Petitioner's motion prior to the receipt of this document, the Court will construe it as a motion to reconsider its denial of his of his motion to modify an imposed term of imprisonment pursuant to 18 U.S.C. §3582(c)(2). (Doc. 427). The Ninth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of Civil Procedure do not explicitly provide for such motions. *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000).

    Courts review motions for reconsideration under the standard articulated in Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. *Id*. At 1047-1048 n.7 & n.8. Under Rule 59(e), "reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is

an intervening change in controlling law." Fed. R. Civ. P. 59 (e). There may also be other, highly unusual, circumstances warranting reconsideration. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted). Reconsideration of motions may also be granted under Local Rule 230(j). "Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including [¶] (1) when and to what Judge or Magistrate Judge the prior motion was made; [¶] (2) what ruling, decision, or order was made thereon; [¶] (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [¶] (4) why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j).

Petitioner's motion does not allege that there has been an intervening change in law, and similarly does not allege the existence of any newly-discovered evidence. (Doc. 430). Instead, petitioner restates the arguments made in his original December 11, 2014 motion. (Doc. 423). The Court previously found that Petitioner is ineligible for a reduced sentence term pursuant to U.S.S.G. § 1B1.10 (a)(2)(B). (Doc. 427). In the absence of any intervening change in law, newly-discovered evidence, error, or highly unusual circumstances warranting reconsideration, the Court finds that Petitioner has failed to meet the standard for reconsideration. Accordingly, Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   June 8, 2015                    _____
                                          SENIOR   DISTRICT   JUDGE

2